# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENT BURNS,**
        Petitioner,

     v.                                     Case No. 14-CV-1552

**PAUL S. KEMPER,**
        Respondent.

## DECISION AND ORDER

The petitioner, Kent Burns, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his state criminal convictions following a jury trial for possession of cocaine with intent to deliver, possession of heroin with intent to deliver, possession of marijuana, and second-degree recklessly endangering safety. Before me now are petitioner's motions for release on bail pending a decision on the merits of his habeas petition.

"[F]ederal courts have inherent authority to allow petitioners for federal habeas corpus to be released on bail." *Bolante v. Keisler*, 506 F.3d 618, 620 (7th Cir. 2007) (citing *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985)). However, federal courts are to exercise this power "very sparingly" because "[a] defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted." *Cherek*, 767 F.2d at 337. To justify exercising this power, "there [must be] some circumstance making th[e] application exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (opinion of Douglas, J.).

1

There is nothing exceptional about petitioner's circumstances. He argues that he was convicted of non-violent crimes, but many habeas petitioners were. He argues that he has served the majority of his sentence, but this is also undoubtedly the case for many habeas petitioners. He says that his habeas petition has been pending for months and he believes that it will still be pending months from now. Even if true, this is hardly uncommon. He argues that he is likely to prevail on the merits, but I would assume that many habeas petitioners are confident in their chances of success on the merits. Although I allowed him to proceed on his claims, I am not convinced that they are so clearly meritorious as to warrant releasing him on bail. Petitioner has failed to justify the extraordinary relief he seeks.

**THEREFORE, IT IS ORDERED** that petitioner's motions for release on bail pending a decision on the merits of his habeas petition (ECF Nos. 16, 18) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge